UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TOBY LEE ANTOINE** : | **DOCKET NO. 2:22-cv-6204** |
| **D.O.C. # 482449** | **SECTION P** |
| **VERSUS** : | **JUDGE JAMES D. CAIN, JR.** |
| **UNKNOWN DEFENDANT** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Toby Lee Antoine, who is proceeding *pro se* in this matter. Antoine is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center in Kinder, Louisiana.

This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED** without prejudice for lack of jurisdiction.

**I.**
**BACKGROUND**

Antoine brings this petition to attack his conviction in the 33rd Judicial District Court, Parish of Allen on one count of manslaughter and the 35-year sentence he received. Doc. 1, p. 1. He complains that his sentence was imposed in violation of the Constitution, as the trial court was

without jurisdiction to impose such a sentence and the sentence was "in excess of the jurisdiction to impose such sentence." *Id*. at p. 5.

The petition presently before this Court is Antoine's third petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same conviction and sentence. Presently, Antoine has an appeal lodged in the Fifth Circuit relating to his most recent petition denied by this Court. *See Antoine v. Unknown Defendant*, No. 2:22-cv-1092, (W.D. La., August 2, 2022).

## II.
## LAW AND APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. An application "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000). In this instance, the Court finds the present petition successive within the meaning of 28 U.S.C. § 2244(b). It contains claims that were or could have been raised in his earlier federal petitions.

When a petition is second or successive, then the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id*. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id*. § 2244(b)(3)(A) and (B).

Before this Court may consider a successive petition, Petitioner must, as mentioned, obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because the record does not reveal that Petitioner received such authorization, this Court lacks jurisdiction. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

### III.
### SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. See Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A*., 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

This is the third time petitioner has tried to collaterally attack his state conviction in a petition under 28 U.S.C. § 2254. The Court thus deems it appropriate to admonish or warn petitioner that sanctions may be imposed if he files another petition attacking his state conviction without obtaining leave from the Fifth Circuit. Should he persist with his legal maneuvering, he should be barred from filing in federal court any additional petitions or other actions relating to his this conviction without first obtaining leave of court.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth

-5-

arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 26th day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE